## C. Daughtry v. The State.

### No. 4030. Decided October 21, 1908.

**Sending Challenge to Fight Duel with Deadly Weapons.**

See opinion for evidence held insufficient of convicting defendant of sending a challenge to fight a duel with deadly weapons.

Appeal from the District Court of Lubbock. Tried below before the Hon. L. S. Kinder.

Appeal from a conviction of sending challenge to fight a duel with deadly weapons; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. C. Ferguson* and *McGee & Puckett,* for appellant.—Aulger v. State, 34 Ill., 486.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with and convicted of sending a challenge to one J. W. Campbell to fight a duel with deadly weapons with intent to kill and murder said Campbell.

It is contended that the evidence fails to show that appellant sent a challenge as charged. Campbell was the only witness; he testified that in the evening, after he had left his office, he was called to the phone at his residence. He asked who it was and was informed that it was C. Daughtry. That the speaker stated that he had received a letter from Campbell to Campbell's sister, wife of appellant, in which some charges were made against Daughtry. An explanation was demanded. Campbell informed the speaker that he did not wish to talk with him about private matters over the phone, and requested him to come there and talk with him, and that he would talk with him anywhere as a gentleman about anything necessary. The party who called Campbell over the phone stated, "I will be there tomorrow evening at four o'clock, and I demand that you meet me." Campbell informed him that he would meet him at any time, finally saying to him, "I don't want to

talk to you over the phone about family matters." Campbell then rang off, hung up the receiver and walked away. Campbell's wife and sister being sick at the time, he did not care to talk as they might hear and become excited. The phone rang again. The speaker informed Campbell that he wanted him to stay at the phone and hear what he had to say, and demanded that he meet him. Campbell again declined to talk with him over the phone. The party said he would meet him at his hall. in front of the door. Campbell declined this, but said he would meet the speaker anywhere. Again he rang off and hung up the receiver. This ended the matter except two letters, one of which was dated at Lubbock, July 15, 1907, and directed to J. W. Campbell, Plainview. The letter is rather rambling, at least is not very coherent, and the writer seems to have had some grievance about a letter he charges Campbell with having written. This letter referred to a letter the writer had received. Without going into the details of this letter, getting down to that portion of it that would suggest, if anything does suggest a challenge, we find this: "Now waiving all ceremonies, will you meet me at any time you may suggest, in combat? Now my blindness is no excuse, since if you like you may blindfold yourself, though that is altogether as you like, for I am not afraid of you and much less afraid to die. Address me at Hereford, advising me if you will meet me in combat, select your weapons, and say whether or not you wish to enter the combat blindfolded." Then follows another letter dated the 16th of July, 1907. This also was purported to have been written at Lubbock, in which the writer retracted some things he had said the previous day about the mother of Campbell. This expression occurs in the latter letter: "I regard you as a man not afraid to meet me." Both letters are signed "C. Daughtry." Omitting quite a lot of matter in the letters, which seems to have little or no bearing on the case, outside of showing incoherent anger, this is about the substance of the case.

We are of opinion this evidence does not sustain the conviction. If the language quoted be construed into an offer to fight Campbell with deadly weapons so as to bring it within the purview of the statute on dueling or sending challenges, which we think somewhat doubtful, we are then met with this trouble: Campbell does not undertake to swear that it was appellant talking with him over the phone, nor that appellant was the man who sent the letters or wrote them. There was no evidence introduced except as above stated; no witness introduced except Campbell, and he does not swear that it was the handwriting of appellant, nor is his testimony, in our judgment, sufficiently cogent, even if the letters contained a challenge, to connect appellant with writing and sending the letters. There may be some suspicious circumstances as shown in the statement, but they are not sufficient to authorize the in-

carceration of a man in the penitentiary under article 715 of the
Penal Code, under which this indictment was found.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*